# EXHIBIT B

 **202234773 - TORRES, SANTOS vs. HOME DEPOT USA INC (Court 270)**

Print All (non-financial)
Chronological History

**Summary**

**Appeals**

**Cost Statements**

**Transfers**

**Post Trial Writs**

**Abstracts**

**Parties**

**Court Costs**

**Judgments/Events**

**Settings**

**Services/Notices**

**Court Registry**

**Child Support**

**Images**

* Note: Not every case file in our library of records is available in electronic format. (A document may be filed in a case that is not viewable electronically.) Only **non-confidential** civil/criminal documents are available to the public. If a document in a case you are looking for is not available, please **click here** to notify Customer Service.

**Purchase Order**
( 0 documents )
Print List

If you are not a litigant in this case, you may visit our Customer Service departments to obtain copies of documents. Confidential or Sealed documents may not be dispensed to public customers.

If you are a litigant that is a party of this case and would like access to the restricted documents, please click **here**.

| Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|---|---|---|---|---|---|---|---|
| 103115720 | Filing | Defendant Home Depot U.S.A., Inc.'s Original Answer to Plaintiff's Original Petition | | | 07/22/2022 | 6 | Add to Basket |
| 102671022 | Filing | Return Of Service | | | 06/27/2022 | 1 | Add to Basket |
| 102578407 | Filing | Request for Issuance of Service | | | 06/21/2022 | 1 | Add to Basket |
| 102400242 | Filing | Plaintiffs Original Petition and Notice of Required Disclosure | | | 06/10/2022 | 6 | Add to Basket |

6/10/2022 8:45 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65315874
By: Lisa Thomas
Filed: 6/10/2022 8:45 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **SANTOS TORRES,**<br>*Plaintiff* | § § § § | **IN THE DISTRICT COURT OF** |
| **v.** | § § § | **HARRIS COUNTY, TEXAS** |
| **HOME DEPOT USA, INC.,**<br>*Defendant.* | § § | **_____ JUDICIAL DISTRICT** |

## **PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQUIRED DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Santos Torres ("Plaintiff"), and files this Original Petition and Notice of Required Disclosure against Defendant, Home Depot, USA, Inc., and would respectfully show the following:

### **DISCOVERY LEVEL**

1. Plaintiff intends to conduct discovery under Level 3 pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### **PARTIES**

2. Plaintiff, Santos Torres ("Plaintiff") is a resident of Harris County, Texas.

3. Defendant, Home Depot, USA, Inc. ("Defendant" or "Home Depot"), is a foreign, for-profit corporation conducting business in the State of Texas, and which may be served with process by and through its registered agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

### **JURISDICTION & VENUE**

4. This Court has subject-matter jurisdiction over this case, because the amount in controversy is within the jurisdictional limits of this Court.

5. This Court has personal jurisdiction over the Defendant, because conducts business in the State of Texas.

6. Venue is proper in Harris County, Texas pursuant to Article 15.002, et. seq., of the Texas Civil Practice & Remedies Code, because it is the county in which all or a substantial part of events or omissions giving rise to the claim occurred.

## RULE 47 STATEMENT

7. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.00.

## FACTS

8. On or about March 28, 2021, Plaintiff was an invitee at Defendant's store located at 12730 West Lake Houston Parkway, Houston, Texas 77044 (the "Premises").

9. As he walked through the aisle to return an item, Plaintiff tripped and fell as a result of a box of tiles on the floor. This factual recitation is hereinafter referred to as the "Incident."

10. As a result of the Incident, Plaintiff suffered severe injuries and damages.

11. Nothing Plaintiff did, or failed to do, caused the Incident. Rather, it was the negligence of Defendant which proximately caused the Incident and resulted in Plaintiff's injuries and damages.

## CAUSES OF ACTION

### A. NEGLIGENCE

12. Defendant was negligent in one or more of the following particulars, each of which acts and/or omissions, individually or collectively, constitutes negligence which proximately caused the Incident and the resulting injuries and damages to Plaintiff:

    a) failing to maintain the Premises in a reasonably safe condition and free of hazards to Plaintiff and other invitees on the Premises;

    b) failing to correct the unreasonably dangerous condition which was created by the box of tiles on floor of the Premises;

    c) failing to warn invitees, including the Plaintiff, of the box of tiles on the floor and dangerous condition of the Premises;

    d) failing to properly inspect the Premises to discover the unreasonably dangerous condition created by the box of tiles on the floor;

    e) failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the Premises reasonably safe;

  f)  failing to implement proper policies, rules, and/or procedures to make its Premises reasonably safe; and

  g)  failing to enforce proper policies, rules, and/or procedures to make its Premises reasonably safe.

13. The negligence of Defendant was the proximate cause of the Incident and Plaintiff's injuries and damages.

### B. PREMISES LIABILITY

14. Defendant owned and/or was in possession of the Premises where the Incident occurred.

15. Plaintiff entered Defendant's Premises with Defendant's knowledge and for their mutual benefit. Plaintiff was an invitee at the Premises.

16. A condition on Defendant's Premises posed an unreasonable risk of harm. Specifically, the box of tiles on the floor was not clearly marked and there were no or insufficient warning signs alerting Defendant's invitees to its presence and danger.

17. Defendant knew or reasonably should have known of the condition of the Premises, because, on information and belief, Defendant, its agents, servants or employees, actually caused the dangerous condition at the Premises.

18. Defendant had a duty to use ordinary care to ensure that the Premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendant breached the duty of ordinary care by failing to warn or cure its invitees of the dangerous condition of the Premises.

19. Defendant's breach of duty proximately caused injury to Plaintiff.

### C. GROSS NEGLIGENCE

20. Defendant was grossly negligent, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiff's injuries and damages. Defendant's grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendant for Defendant's callous disregard for the safety of others and as a deterrent to others from

engaging in similar conduct. Plaintiff therefore asks for punitive and exemplary damages in addition to all actual damages.

## DAMAGES

21. The actions and conduct of the Defendant set forth above are the proximate cause of Plaintiff's serious injuries and damages. Plaintiff's damages include, but are not limited to, actual damages, physical pain, mental anguish, disfigurement, physical impairment, limitation of activities, and loss of enjoyment of life. In reasonable probability, Plaintiff will continue to suffer physical pain, mental anguish, disfigurement, physical impairment, limitation of activities, loss of household services and loss of enjoyment of life in the future.

22. Further, because of the action and conduct of the Defendant herein, Plaintiff has sustained very painful and disabling physical injuries which have caused to sustain lost wages in the past and will cause to sustain lost wages and a loss of wage earning capacity in the future. Because of the nature and severity of the injuries sustained, Plaintiff has required medical treatment in the past and, in reasonable probability, will require other and additional treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

## EXEMPLARY DAMAGES

23. Plaintiff seeks exemplary damages caused by Defendant's malice, gross negligence, and willful acts and/or omissions. Exemplary damages are sought under Section 41.003(a)(2) of the Texas Civil Practice and Remedies Code, as defined by Section 41.001(7). Plaintiff also seeks exemplary damages under Section 41.003(a)(3) of the Texas Civil Practice and Remedies Code as defined by Section 41.001(11).

## PRE-AND POST-JUDGMENT INTEREST

24. Plaintiff seeks to recover pre-and post-judgment interest in accordance with the law and equity.

## NOTICE TO DEFENDANT

25. Plaintiff hereby notifies you, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff intends to use all items produced by you in this litigation at any pre-trial proceeding or trial.

## RULE 609(F) REQUEST TO DEFENDANT

Pursuant to Rule 609(f) of the Texas Rules of Evidence, Plaintiff hereby requests, in regard to any party or witnesses that shall be named by any party as a person with knowledge of relevant facts, or as a testifying expert, that you give Plaintiff sufficient advance written notice of your intent to use evidence of a conviction of any such witness.

## REQUIRED DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer and that, upon final trial hereof, Plaintiff has judgment against Defendant, and that he recovers damages in accordance with the evidence, including:

   a. Actual damages;
   b. Past pain and suffering;
   c. Future pain and suffering;
   d. Past mental anguish;
   e. Future mental anguish;
   f. Physical impairment;
   g. Past physical disfigurement;
   h. Future physical disfigurement;
   i. Past medical expenses;
   j. Future medical expenses;
   k. Loss of wages in the past;
   l. Loss of wage-earning capacity;
   m. Loss of household services;
   n. Loss of enjoyment of life;
   o. Exemplary damages;

p.  Prejudgment and post judgment interest;
q.  Court costs; and
r.  All other relief, legal and equitable, to which he may be justly entitled.

HERBERT LAW FIRM, PLLC

*/s/ Kyle C. Herbert*
Kyle C. Herbert
Texas State Bar No.: 24043724
Texas Bar No. 24086192
Rachel E. Berkley
Texas State Bar No. 24082684
Andrew C. Smith
Texas State Bar No. 24063859
3411 Richmond Avenue, Suite 400
Houston, Texas 77046
Phone: (713) 987-7100
Fax:     (713) 987-7120
kyle@herberttrial.com
rachel@herberttrial.com
andrew@herberttrial.com

**ATTORNEYS FOR PLAINTIFF**

6/21/2022 3:41 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65641136
By: Marcella Hill
Filed: 6/21/2022 3:41 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 2022-34773   **CURRENT COURT:** 270

**Name(s) of Documents to be served:** Citation for Service

**FILE DATE:** 06/10/2022   Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Home Depot, USA, INC. by and through its registered Agent, CSC-Lawyers Incorporating Service Company

**Address of Service:** 211 E. 7th Street, Suite 620

**City, State & Zip:** Austin, TX 78701

**Agent (if applicable):**

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**   **Newspaper** _____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney   at:** _____   (No Service Copy Fees Charged)
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
- [x] **OTHER,** *explain*   Email to Denis Naquin at - denis@herberttrial.com

**Issuance of Service Requested By:** Attorney/Party Name: Andrew C. Smith   Bar # or ID 24063859

**Mailing Address:** 3411 Richmond Ave., Houston, TX 77046

**Phone Number:** 713-987-7100

6/27/2022 12:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65799370
By: R PENA
Filed: 6/27/2022 12:50 PM

CAUSE NUMBER: 2022-34773

SANTOS TORRES
PLAINTIFF

VS.

HOME DEPOT, USA, INC.
DEFENDANT

IN THE 270TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY, TEXAS

RETURN OF SERVICE

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Wednesday June 22, 2022 AT 10:07 AM - CITATION CORPORATE, PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQUIRED DISCLOSURE** came to hand for service upon **HOME DEPOT, USA, INC. (FOREIGN FOR-PROFIT CORPORATION) BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY, D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY,**.

On **Friday June 24, 2022** at **09:45 AM** - The above named documents were hand delivered to: **HOME DEPOT, USA, INC. (FOREIGN FOR-PROFIT CORPORATION) BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY, D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, @ 211 E. 7TH STREET, SUITE 620**, AUSTIN, TX **78701**, **in Person.** by delivering to Neisha Gross, designated agent.

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                    DECLARATION

"My name is **D'ANN WATHEN,** my date of birth is 12/21/1971 my business address is **1320 QUITMAN STREET, HOUSTON, TX 77009,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Harris County, State of Texas on Friday June 24, 2022**

 /s/D'ANN WATHEN                    PSC#6602 EXP. 06/30/23
Declarant                           Appointed in accordance with State Statutes

2022.06.662316